UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

UNITED STATES OF AMERICA,

           v.                           DECISION AND ORDER
                                        09-CR-329

THAMUD ELDRIDGE, et al.,

                 Defendants.

─────────────────────────────

## INTRODUCTION

Before the Court is defendants Kevin Allen and Thamud Eldridge's motion for an order returning this case to the Magistrate Judge for determination of various additional pre-trial motions. For the reasons stated below, defendants' motion is granted in part and denied in part.

## BACKGROUND

Defendants Thamud Eldridge, Kashika Speed, Kevin Allen, and Galen Rose are charged with various offenses including racketeering, racketeering conspiracy, murder in aid of racketeering, conspiracy to distribute controlled substances, possession of firearms in furtherance of drug trafficking crimes, violent crime in aid of racketeering-kidnaping, Hobbs Act robbery/conspiracy, use, carry and brandish of a firearm during and in retaliation to and in furtherance of crimes of violence, use, carry and discharge of a firearm during and in relation to crimes of violence causing death, and felon in possession of a firearm. (Dkt. No.

164)

In sum, it is alleged that defendants were members of a criminal organization that engaged in the distribution of cocaine, cocaine base, marijuana and heroin and also committed acts of violence in furtherance of their drug trafficking enterprise, including murder, robbery and extortion. (Dkt. No. 164) The organization allegedly operated principally on the East Side of Buffalo, New York. *Id*. The Government contends that defendants robbed, murdered and attempted to rob and murder other individuals involved in drug distribution and that they carried, brandished and discharged firearms in furtherance of these activities. *Id*. The murder counts set forth in the Superseding Indictment involve the deaths of Thedrus Laster ("Laster") and Sam Jones ("Jones") who were killed, in separate incidents, in April 2005. *Id*.

Defendants filed extensive pre-trial motions and a number of hearings were conducted before Magistrate Judge Scott. Magistrate Judge Scott issued a comprehensive Report and Recommendation and two Decision and Orders with respect to defendants' pre-trial motions. (Dkt. No. 216, 217 and 221) Defendants filed objections, the Government filed responses, and the defendants were permitted to file replies. Oral argument as to defendants' objections was held on September 6 and September 11, 2013. On November 20, 2013 this Court issued a Decision and Order adopting the Magistrate's findings in their entirety. (Dkt. No. 249)

On October 17, 2013, defendant Allen filed a motion requesting an order returning this matter to Magistrate Judge Scott for various forms of relief as well as additional discovery. (Dkt. No. 244) Defendant Eldridge joined in the motion. (Dkt. No. 246) Specifically, defendants request that the case be returned to the Magistrate for the following: (1) a hearing addressing the existence of any report or memorandum memorializing the exculpatory statements allegedly made by defendant Allen to the Buffalo Police Department; (2) a hearing addressing the seizure and sale of the vehicle Allen was allegedly driving on the night of one of the murders; (3) an *in camera* inspection, and disclosure, of grand jury transcripts; (4) determination of additional discovery issues; (5) modification of the protective order; and (6) an order striking surplusage from the Superseding Indictment. The Court heard oral argument on December 23, 2013, and now finds as follows.

## **DISCUSSION**

### *Timeliness*

The Government argues that the Court should deny defendants' motion to return to the Magistrate Judge because it is untimely. The Government contends that this case has been pending for over four years, and that defendants had ample opportunity to timely file the instant motions before Magistrate Judge Scott. The Government argues that it would be fundamentally unfair, both to the Government and the remaining defendants, to further delay the matter by

3

considering the untimely motions. Counsel for defendant Allen argues that the delay should be excused because, *inter alia*, the matter is complicated, defendant Allen is incarcerated in a facility located eight hours from Buffalo which makes it challenging for them to meet, it has been difficult to locate necessary information dating back eight years from the Buffalo Police Department, counsel has acted with due diligence in investigating the matter but many of the witnesses have been reluctant to cooperate, and co-counsel has only recently become involved.

A court may set a deadline for the parties to file pre-trial motions. *See* Fed. R. Crim. P. 12(c). Pursuant to Federal Rule of Criminal Procedure 12(e), if a party fails to file a pre-trial motion by the deadline set by the court, the party waives that issue. *United States v. Salgado-Campos*, 442 F.3d 684 (8th Cir. 2006). However, if a party shows good cause for the delay, the district court has discretion to excuse the waiver. *See* Fed. R. Crim. P. 12(e).

Here, the Court finds that there exists good cause to consider defendants' motion for an evidentiary hearing and other forms of relief, even though the motion is untimely. This case is extremely complicated and involves a vast number of discovery issues, as demonstrated by the extensive number of pre-trial motions that have already been filed. In addition, it appears that due to the age of the case, both the Government and defense counsel have struggled to obtain information from the Buffalo Police Department, and much of the discovery and other information has been received in a piecemeal fashion and over an extended

period of time. Indeed, the other defendants filed objections to Magistrate Judge Scott's Report and Recommendation in late June 2013, and the instant motion was filed on October 17, 2013. Thus, while there has been a delay, the Court does not find it to be an extraordinary one.

In addition, defendant Allen is incarcerated eight hours from Buffalo and his primary counsel, Mr. Harrington, has spent a great deal of time out of the district on another matter.[1] Co-counsel, Ms. Buth, is new to the case. The Court finds that defendant Allen should not be penalized for these factors, especially considering the lengthy jail sentence he will face if convicted on all counts alleged against him in the Superseding Indictment. The Court also notes that none of the other defendants have raised objections to defendant Allen's motion, and that defendant Eldridge has affirmatively joined in the motion. For these reasons, the Court will consider the merits of the motion.

## Requests for a Hearing

Defendant Allen alleges that he made exculpatory statements regarding the Jones homicide to a Buffalo Police Detective after his arrest, on unrelated charges, on July 7, 2005. Defendant has apparently made numerous requests for the disclosure of these statements. Defendant Allen also alleges that there

---

[1] The Court notes that, for the past year and a half, Mr. Harrington has been engaged in a terrorism-related case which has taken him out of the district to Guantanamo Bay for considerable blocks of time. This has caused practical delays in this matter which should not be attributed to defendant Allen.

are factual inconsistences with respect to the seizure and sale of a car allegedly recovered in connection with the Jones homicide.  The Government maintains that an extensive search of Buffalo Police Department records failed to uncover any exculpatory statements, and that the car is irrelevant to its case.  Defendant requests a hearing with respect to both issues.

As stated above, the Court has found that good cause exists to consider and resolve these lingering pre-trial issues outside of the time deadlines previously set by the Court.  In addition, during oral argument, counsel for Allen made some very serious allegations concerning animus on the part of the Buffalo Police Department against defendant Eldridge.[2]  For these reasons, the Court refers this portion of defendants' pre-trial motion to the Magistrate Judge for a determination as to whether an evidentiary hearing is necessary with respect to the existence of exculpatory statements and/or the facts surrounding the sale and seizure of the car.  Indeed, it appears that the Magistrate Judge has some familiarity with these issues.  (Dkt. No. 217)  The Magistrate Judge is instructed, if he deems it necessary and after considering any new arguments raised by counsel, to conduct a hearing or hearings.

While the Court has found that there is good cause to consider defendants' untimely motion, the Court is mindful of the length of time that this matter has

---

[2] Both defendants Allen and Eldridge are charged with conspiracy to commit the murder of Sam Jones.

6

been pending. Therefore, in an effort to resolve the outstanding issues as quickly as possible, the remainder of defendants' motion will not be referred to the Magistrate Judge. Instead, it will be handled by this Court in the manner described below.

### *Review of Grand Jury Transcripts*

Defendants claim, upon information and belief, that one of the witnesses who testified before the grand jury regarding the Jones murder committed perjury. Subsequent to this witnesses' testimony, the Government learned that the witness was actually incarcerated at the time of the shooting, and could not have been a witness to the murder he testified about. In order to remedy this, the Government superseded the indictment and called a law enforcement officer to testify regarding the falsity of this witness's prior testimony.

A second cooperating witness also testified regarding the Jones murder. Defendants aver, upon information and belief, that there remain outstanding questions as to how the second witness identified Allen, and whether the perjured testimony affected the second witness's identification of Allen. The Government argues that the perjured testimony was corrected, and that, irregardless, the perjured testimony was not the sole testimony relied upon by the Government in indicting defendants for the murder of Jones.

Defendants ask this Court to refer the issue to the Magistrate Judge for an *in camera* examination of grand jury testimony to determine whether the

procedure used by the Government to correct the perjury removed any taint of the prior false testimony. Defendant also requests that the grand jury transcripts regarding the Jones murder be released to defense counsel so that they may "supplement the argument in support of dismissal of those counts of the indictment."

Rule 6 of the Federal Rules of Criminal Procedure permits disclosure of matters occurring before a grand jury, "at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." *See* Fed. R. Crim. P. 6(e)(3)(C)(ii). In requesting to review grand jury minutes, the defendant must "show a particularized need" for disclosure that outweighs the Government's interest in maintaining the secrecy of the grand jury proceeding. *United States v. Moten*, 582 F.2d 654, 662 (2d. Cir. 1978). The Court may authorize disclosure "at a time, in a manner, and subject to any other conditions that it directs." *United States v. Reynolds*, 2012 U.S. Dist. LEXIS 153654 (WDNY 2012).

Here, the Government has provided the redacted testimony of Special Agent Paris before the November 2010 grand jury. Therein, Special Agent Paris testifies that the witness in the prior grand jury proceeding could not have witnessed the murder as he previously stated, because he was incarcerated at the time of the murder. At this juncture, defendants have not demonstrated a particularized need for disclosure. However, the Court finds that an *in camera*

review of all of the testimony presented to both grand juries regarding the Jones murder is warranted to determine: (1) whether there was sufficient independent evidence absent the perjured testimony; and (2) whether defendants were unduly prejudiced by the perjured testimony. *See United States v. Twersky*, 1994 U.S. Dist. LEXIS 8744 (SDNY 1994) (granting an *in camera* review of grand jury minutes and reserving decision on the motion to dismiss the indictment).

The Government shall produce, for the Court's *in camera* review, all grand jury transcripts pertaining to the Jones murder on or before January 31, 2014. The Court reserves decision, pending its *in camera* review, regarding disclosure of the grand jury minutes to defendants as well as defendants' request to supplement a motion to dismiss.

### Outstanding Discovery

Defendants also request various additional discovery. However, during oral argument before this Court, counsel for defendant Allen stated that no discovery issues remain outstanding and that he was withdrawing this portion of the motion. Thus, defendants' request for additional discovery is denied as moot.

### Modification of the Protective Order

Defendants also move to modify the protective order issued by the Magistrate Judge, which prohibits the disclosure of the identity of informants or witnesses. During oral argument, defense counsel asked that the Court hold this portion of the motion in abeyance so that he may submit additional information.

9

Any additional submissions with respect to the motion to modify the protective order shall be made by defendant on or before February 7, 2014. The Government shall file a response by February 14, 2014.

*Motion to Strike Surplusage from the Superseding Indictment*

In the caption and well as the body of the Superseding Indictment, defendant Allen is referred to as "Kevin Allen a/k/a Killer Kev". Defendant Allen moves to strike the nickname on the grounds that it is surplusage, irrelevant to the crime charged, inflammatory and prejudicial. The Government argues that the "Killer Kev" nickname is relevant with respect to defendant Allen's identification and should remain in the Superseding Indictment.

Based upon the parties' submissions and oral argument heard on December 23, 2013, the Court has taken this request under advisement. The Court will rule on this portion of defendant's motion when it issues a Decision and Order regarding the requests to modify the protective order and disclose grand jury materials to defendants.

**CONCLUSION**

For the foregoing reasons, defendants' motion is granted in part and denied in part. Defendants' requests for an evidentiary hearing are referred to Magistrate Judge Scott for further proceedings. Defendants' request for additional discovery is denied as moot. Defendants' requests to modify the protective order, disclose grand jury minutes and strike surplusage in the

Superseding Indictment are held in abeyance pending further briefing and submissions. As instructed above, any additional submissions with respect to the motion to modify the protective order shall be made by defendants on or before February 7, 2014, and the Government shall file a response by February 14, 2014. The Government is instructed to provide the grand jury transcripts to the Court, for an *in camera* review, on or before January 31, 2014.

    SO ORDERED.

    *s/ Richard J. Arcara*
    HONORABLE RICHARD J. ARCARA
    UNITED STATES DISTRICT JUDGE

DATED: January 23, 2014